STARWOOD HOTELS & RESORTS WORLDWIDE, INC., et al., Appellants, v AOKI CORPORATION et al., Respondents. [768 NYS2d 9]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered February 26, 2003, which, inter alia, denied plaintiffs' motion to disqualify defendants' counsel and granted defendants' cross motion to quash plaintiffs' subpoenas, unanimously affirmed, with costs.

Plaintiffs seek to disqualify Stroock & Stroock & Lavan on the ground that the Stroock attorney representing defendants, Cecelia Finelli, was formerly a partner at Rosenman & Colin, which merged with the Chicago-based firm of Katten Muchin Zavis (KMZ), which had provided representation to plaintiffs' predecessors in interest. It appears that Ms. Finelli has represented defendants in this litigation from its beginning in July 2000; became a partner in the New York City-based Rosenman firm in July 2001; became a partner in the New York City office of the merged firm of Katten Muchin Zavis Rosenman (KMZR) upon its formation in late March 2002; and joined the Stroock firm in mid-October 2002, some four months after plaintiffs first claimed in late May 2002 that she had a conflict of interest.

Plaintiffs do not claim that Ms. Finelli was ever personally involved in representing them or their predecessors in interest. Rather, they base their motion to disqualify on Ms. Finelli's membership in KMZR practice groups in which KMZR attorneys representing plaintiffs' predecessors were also members, the resulting likelihood of interaction, and the resulting possibility

that during her six-month association with KMZR, Ms. Finelli might have acquired confidential information gained by KMZ in its representation of plaintiffs' predecessors.

This is too speculative to warrant disqualification. Ms. Finelli denies having acquired any confidential information about plaintiffs, and hired ethics counsel and began her job search immediately after plaintiffs first claimed she had a conflict, which was only two months after KMZR's formation. At most, the record shows that during this two-month period, there were some postmerger, get-acquainted events in Chicago at which Ms. Finelli met some of the attorneys who provided representation to plaintiffs' predecessors. Such encounters do not show a risk that Ms. Finelli acquired any client confidences (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617 [1999]). Notably, in *Kassis*, disqualification resulted precisely because the attorney hired by the firm sought to be disqualified had "played an appreciable role" as counsel for the adverse party (*id.* at 618). Here, KMZR's files pertaining to its representation of plaintiffs' predecessors are kept in its Chicago office to which Ms. Finelli had no access either before or after the merger (*see id.*), and it does not appear that KMZR provided any representation to plaintiffs' predecessors out of its New York office where Ms. Finelli worked. There being no showing of a risk that Ms. Finelli acquired any client confidences in her prior brief association with KMZR, Supreme Court providently quashed plaintiffs' subpoenas. We have considered plaintiffs' other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Lerner and Friedman, JJ.